**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA**

| | |
|---|---|
| WADE RAY DICKERSON,<br><br>    Plaintiff,<br><br>vs.<br><br>CITY OF PORT ANGELES, a municipal corporation,<br><br>and<br><br>LUCAS DEGAND,<br><br>    Defendants. | NO.<br><br>**COMPLAINT FOR DAMAGES** |

**I.    PARTIES**

1.1    Plaintiff Wade Ray Dickerson is a resident of the State of Washington.

1.2    Defendant City of Port Angeles, Washington, is a municipal corporation located in Clallam County and organized under the laws of the State of Washington.

Complaint - Page 1

NELSON BOYD, PLLC
411 University Street, Suite 1200
Seattle, WA 98101
(206) 971-7601

1.3     Defendant Lucas DeGand is a resident of Clallam County, Washington.

1.4     Defendant Lucas DeGand was, on the evening of February 5, 2015, an employee or agent of Defendant City of Port Angeles.

1.5     Defendant Lucas DeGand was, on the evening of February 5, 2015, acting in the course and scope of his employment with Defendant City of Port Angeles, and was acting in his capacity as a police officer with the Port Angeles Police Department, a department of Defendant City of Port Angeles.

## II.     JURISDICTION AND VENUE

2.1     This court has personal and subject matter jurisdiction under 28 United States Code Sections 1331 and 1343. This court has supplemental jurisdiction under 28 United States Code Section 1367.

2.2     A Claim for Damages against Defendant City of Port Angeles was properly filed with Defendant City of Port Angeles on June 22, 2017, and more than 60 days have elapsed since the claim was filed.

2.3     Venue is proper in the Western District of Washington, pursuant to 28 United States Code Section 1391.

## III.     FACTS

3.1     On the evening of February 5, 2015, Plaintiff Wade Ray Dickerson was a passenger in a small SUV that was stopped in the parking lot of the AM/PM store located at 807 South Lincoln Street in Port Angeles, Washington.

3.2     While the vehicle was stopped, a Port Angeles Police Department police officer or officers parked behind the vehicle and ordered the driver of the SUV to get out of the vehicle. The driver complied with the police officer's order.

3.3     The police officer or officers ordered Plaintiff Wade Ray Dickerson to get out of the vehicle. Plaintiff Wade Ray Dickerson complied with the police officer's order, got out of the vehicle, got on his knees, and put his hands in the air.

3.4     During this incident, a dog named "Bogey" or "K9 Bogey" had been brought to this location in a police car by and under the authority of Defendant City of Port Angeles, through its agents or employees.

3.5     Bogey was owned by City of Port Angeles. According to the City of Port Angeles web site, Bogey is, or was, a male German Shepherd that was imported from the Netherlands in September of 2012, and was called Bogey "because of his speed and dark coloring."

3.6     At the scene, Bogey was supposed to be under the control of Port Angeles Police Department Officer Defendant Lucas DeGand.

3.7     While Plaintiff Wade Ray Dickerson was on his knees, with his hands in the air, cooperating with the police, he was bitten many times by Bogey.

3.8     At the time Plaintiff was bitten, Defendant Lucas DeGand had not intended to deploy Bogey to search for, restrain, or to attack Plaintiff Wade Ray Dickerson.

3.9     In the alternative, at the time Plaintiff was bitten, Defendant Lucas DeGand intended to release Bogey to search for, restrain, or to attack Plaintiff Wade Ray Dickerson.

3.10    Defendant Lucas DeGand negligently failed to keep Bogey confined in the police car.

NELSON BOYD, PLLC
411 University Street, Suite 1200
Seattle, WA  98101
(206) 971-7601

3.11    Defendant Lucas DeGand negligently triggered the "door popper" button that he carried in his uniform, which released Bogey.

3.12    At the time he was bitten, Plaintiff Wade Ray Dickerson had not been detained by law enforcement.

3.13    At the time he was bitten, Plaintiff Wade Ray Dickerson was not resisting the orders of the police.  He was on his knees on the ground and was cooperating with the police.

3.14    At the time he was bitten, Plaintiff Wade Ray Dickerson had not been identified by a police officer as a person who had broken any law.

3.15    At the time he was bitten, Plaintiff Wade Ray Dickerson had not been identified by a police officer as a person who had broken any law or taken any action sufficient to justify the use by the police of the level of force that is represented by a large, strong dog.

3.16    Plaintiff Wade Ray Dickerson was never charged with any violation of any law stemming from this incident.

3.17    At the time he was bitten, Plaintiff Wade Ray Dickerson had no weapons in his possession.

3.18    Prior to the time he was bitten, Plaintiff Wade Ray Dickerson had received no warning that a police dog was in the area and might confront him.

3.19    During this attack, Bogey was not on any form of lead or leash.

3.20    After Bogey began his attack, he did not respond to the orders of his handler to cease the attack.

3.21    As a direct and proximate result of the facts and conduct set forth above, Plaintiff suffered a loss of his liberty, an unlawful seizure of his person, a mauling by Bogey that

resulted in physical injuries, including but not limited to lacerations of his left leg, hip, and genitals, pain, scarring, emotional distress, permanent injury, medical expenses costing or having a value of many thousands of dollars, lost income, and lost earning capacity.

### IV.   CAUSES OF ACTION

4.1   Defendant City of Port Angeles is liable to Plaintiff pursuant to 42 U.S.C.§ 1983, *Civil Action For Deprivation Of Rights*, which states in relevant part:  "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State. . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . .," because its acts toward Plaintiff subjected, or caused to be subjected, Plaintiff to a deprivation of rights, privileges, or immunities secured by the United States Constitution and other laws, including the 4th and 14th Amendment, and otherwise acted unlawfully.

4.2   Defendant The City of Port Angeles is liable to Plaintiff because an official policy of Defendant The City of Port Angeles or a pervasive custom or practice of Defendant The City of Port Angeles that is so widespread as to have the force of law caused Plaintiff's injury, including, but not limited to, the official policy or pervasive custom of requesting/authorizing an officer to bring a dog to a situation that does not justify the use of the dog, requesting/authorizing an officer to use excessive, unreasonable, and unlawful force by using a large, strong, dog to search for, restrict the liberty of, seize, bite, and bite and hold a person, and/or of failing to control the dog to the degree necessary to prevent harm to that person,

or to cease the infliction of harm to a person when that person (in this case, Plaintiff Wade Ray Dickerson):

    a. was on his knees with his hands in the air;

    b. was cooperating with the police and with their orders;

    c. had not been identified by a police officer as a person who had broken any law;

    d. had not been identified by a police officer as a person who had broken any law sufficient to justify the level of force that is represented by a large, strong dog;

    e. was not disobeying the orders of any police officer;

    f. had received no warning that a dog was in the area and might confront him;

    g. had been told to hold still, in a location where the police could observe him, and he was doing so;

    h. had no weapons in his possession.

4.3 Defendant City of Port Angeles is liable to Plaintiff because an official policy or pervasive custom of Defendant City of Port Angeles caused Plaintiff's injury, including, but not limited to, the official policy or pervasive custom of requesting/authorizing an officer to bring a dog to a situation that does not justify the use of the dog, requesting or ordering an officer to use a large, strong, dog to search for, restrict the liberty of, seize, bite, bite and hold a person, and/or of failing to control or confine the dog to the degree necessary to prevent the use of unreasonable force and the infliction of unreasonable harm to that person or to cease the infliction of harm to Plaintiff:

    a. when the officers involved in this incident gave Plaintiff no verbal warning or opportunity to avoid being bitten prior to the dog getting out of the police vehicle;

    b. when the dog was not on a leash or lead or otherwise under sufficient physical control or confinement so that no unreasonable, excessive force would be used upon Plaintiff;

    c. when the dog was not sufficiently trained not to bite unless commanded to do so, or to cease all biting or biting and holding when commanded to do so by a police officer;

    d. due to a failure to have in place an official policy or pervasive custom such that any officer in visual sight of the person upon whom the dog was exercising unreasonable force or biting would control the dog so as to make it stop biting, or command the dog to stop biting, or physically restrain the dog to make it stop biting;

4.4 Defendant deprived Plaintiff of his clearly established Constitutional right to be free from the excessive use of force under the Fourth and Fourteenth Amendments of the United States Constitution, and the officers acting as the agents or employees of Defendant reasonably should have known their actions were in violation of Plaintiff's rights, considering the reasonableness of the force used from the perspective of a reasonable officer on the scene, given the facts and circumstances of this case, the fact that Plaintiff did not, at the time the dog went to Plaintiff, pose an immediate threat to the safety of the officers or others, and the fact that at the time Bogey went to Plaintiff, Plaintiff was on his knees with his hands in the air and was obeying the orders of the police.

4.5 Defendant City of Port Angeles is strictly liable to Plaintiff under the Revised Code of Washington, Section 16.08.040, which states "The owner of any dog which shall bite any

person while such person is in or on a public place or lawfully in or on a private place including the property of the owner of such dog, shall be liable for such damages as may be suffered by the person bitten, regardless of the former viciousness of such dog or the owner's knowledge of such viciousness."

4.6   Defendant City of Port Angeles is not entitled to the application of the exception to RCW 16.08.040 because this incident does not involve the lawful application of a police dog as defined in RCW 4.24.410.

4.7   Defendant City of Port Angeles failed to exercise ordinary care, and so is liable to Plaintiff because the equipment it owned and it supplied Defendant DeGand was inadequate to confine Bogey to the police vehicle.

4.8   Defendant Lucas DeGand failed to exercise ordinary care, and so is liable to Plaintiff, because he negligently activated the "door popper" which allowed Bogey to leave the vehicle and attack Plaintiff, or for otherwise negligently causing the circumstances that allowed Bogey to get out of the vehicle and attack Plaintiff.

4.9   Defendant the City of Port Angeles is liable to Plaintiff for the negligence of Defendant DeGand, through the doctrine of *respondeat superior*.

### V.   INJURIES

5.1   As a direct and proximate result of the negligent and unconstitutional conduct of Defendants, Plaintiff Wade Ray Dickerson was injured, suffered a loss of his liberty, an unlawful seizure of his person, endured a mauling by the dog that resulted in physical injuries, including but not limited to lacerations of his left leg, hip, and genitals, pain, scarring, emotional distress, permanent injury, medical expenses costing or having a value of many

thousands of dollars, and lost income.  He incurred expenses, and will continue to incur expenses, for medical treatment and incurred pain, suffering, disability, loss of enjoyment of life, loss of earning capacity, and other damages all in an amount to be proven at trial.  These damages are continuing and may be permanent.

## VI.  DAMAGES

6.1    Items of damages suffered by Plaintiff Wade Ray Dickerson are:

      a.    General damages, including past and future mental and physical pain and suffering, loss of the ability to enjoy life, disability, and disfigurement;

      b.    Medical costs and expenses, both past and future;

      c.    Impairment of earning capacity; and

      d.    Other special and general damages permitted by law.

6.2    The aforesaid damages are in amounts which will be proved at the time of trial.

## VII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants for general and special damages in amounts to be proved at trial, his costs and reasonable attorney's fees, together with Plaintiff's costs and disbursements herein incurred along with prejudgment interest on all items of special damages including, without limitation, expenses of medical care and treatment, and for such other relief as the Court may deem just and equitable.

Dated this 29th day of January 2018.

                NELSON BOYD, PLLC


                _____*/s/Deborah M. Nelson*_____
                DEBORAH M. NELSON, WSBA #23087
                nelson@nelsonboydlaw.com


                _____*/s/Jeffrey D. Boyd*_____
                JEFFREY D. BOYD, WSBA #41620
                boyd@nelsonboydlaw.com

                Nelson Boyd, PLLC
                411 University Street
                Suite 1200
                Seattle, WA  98101
                206.971.7601

                Attorneys for Plaintiff